Curia, per
Evans, J.
There are two questions to be decided in this case.
1. Have the defendants a right to retain Tamplet’s half of the money received from the insurance company ?
2. Has the plaintiff a right to recover the half which was due to himself?
1st. It was proved on the trial, that when Tamplet & Rowand settled with Fraser & Co. and each gave his several bond, guaranteed by the other, for half of their joint debt, it was agreed that the amount which might be recovered on the policy, should be applied to the payment of the bonds. The only rational interpretation of this agreement is, that whatever Fraser & Co. should receive on the policy, should be applied, one half to Tamplet’s and the other half to Rowand’s bond. By this agreement, the fund was appropriated to the payment of the bonds in equal portions, and neither of them had any right to direct or make any other disposition of it; and their joint interest was as completely severed as if they had received it, and each had paid over to Fraser his part, on account of his several bond. It is, therefore, wholly immaterial whether Fraser tfe Co. retained their lien on the policy, after the severence of the partnership debt, by taking the bonds. The amount, when received, was, by the agreement, as much theirs, as it would have been by virtue of the lien, which they unquestionably had before the bonds were given. If, then, (and it seems to me there can be no doubt about *329 it) this agreement was a severance of their joint interest in the money which might be collected on the policy. Tamplet had a perfect right, when he compounded with Fraser & Co. for his bond, by paying 25 per cent, to agree with them, as he did, that his share of the insurance money should be applied towards the payment of his bond. If there had been no composition, then I presume Fraser Co. would have had an undoubted right to have applied the money according to the original agreement. It is only because they agreed to discharge Tamplet from his bond, that there is any pretence of claim on the part of the plaintiff to recover Tamplet’s share from the defendant. If Fraser & Co. had discharged Tamplet from his bond, on the payment of 25 per cent, without any reference to this insurance claim, then their right to retain when they after-wards received it, might be more doubtful; (although, in my own judgment, they would then have had the right.) Yet, when it was clearly proved that it was a part of the condition on which they agreed to release Tamplet and deliver up his bonds, that they were to retain Tamplet’s half of the insurance money, the case seems to my mind very clear and satisfactory.
Independent of the composition, Rowand would have no right to apply this fund otherwise than had been agreed on between the parties, and he cannot, either in law or justice, demand it of the defendants, on the ground that they have compounded with Tamplet, without allowing them the full benefit of the terms and conditions upon which the composition was made.
In considering the second question, it must be remembered that Fraser & Co. had recovered on the policy several years before they sued Rowand on his bond — that he did not set up this by way of defence; and that the sum which they received in full satisfaction, was less than was due them, after giving him full, credit for his half of the money received. Yet, notwithstanding this, the bond was merged in the judgment, and the judgment is discharged by the entry of satisfaction, and Fraser & Co. must refund what they received on the policy, if they have no right to retain it; and this depends on another question, *330 viz: — Whether Rowand, when sued by Fraser & Co. on his bond, should not have pleaded this matter as a payment; and having failed to do so, is he not now precluded from setting up any demand to it? There is no doubt, I presume, that as a general rule, whatever defence by the rules of the common law a defendant might have made when sued by the plaintiff, so as to defeat the action in the whole, or part, can never be the subject of another action. Thus, if the defendant had paid the debt, or a part of it, and suffered judgment to go by default, or had omitted to set up, as a defence, what he might have done, he is forever precluded from bringing the same matter into controversy again, as much as if he had pleaded it, and it had been decided against him for defect of proof. This rule does not apply in cases of separate and independent demands, or to a distinct matter not connected with the plaintiff’s cause of action. Such matters can only be made available under our discount law; and the defendant may, at his election, plead it as a set-off or not. But it would seem, according to what is said in Montagu on Set-off, p. 1, that if the matter of defence be connected with the plaintiff’s cause of action, by originating in the same transaction, or by any subsequent agreement, the balance is the debt reco verable by the suit. In this case the agreement was, that the money, when collected, should be applied to the payment of the bond ; and Rowand owed Fraser & Co. at the time he was sued, only the balance due after deducting the payment, and if he suffered Fraser & Co. to recover against him a larger amount than was due, I do not see how it is to be corrected, unless there be some other relation between the parties, besides that of debtor and creditor. In this case, it is clear that Fraser & Co. undertook to act as the agents of Tamplet & Rowand. This appears, as well from the agreement as their subsequent conduct in bringing the action, and in receiving the money as “agents and creditors,” as appears by their receipt. The law requires the utmost good faith in agents. The recovery of any thing out of the insurance company was contingent. Nothing might be recovered; and when this Contingency was reduced to certainty, and the money col *331 lected and paid over to Fraser & Co. it was their duty to have applied it as a credit on the bond, or to have given notice to Rowand, neither of which they did. The entry of it in their books was no discharge of their duty as agents. They might as well have made a memorandum of it in any other book ; Rowand had no access to this source of information. He was never informed that the money was recovered from, and paid by, the insurance company, and it seems to have been conceded at the trial, that Row- and, when he was sued, did not know that Fraser & Co. had ever recovered the money due on the policy. The maxim de vigilantibus, is a wholesome maxim, and, in general, a man’s ignorance is no excuse for not making his defence when sued, when the relation of debtor and creditor alone existed between the parties; yet, it seems to me, that when the relation of agent is superadded to that of creditor, and the ignorance arises from the concealment of the agent, whether intentional or not, it will constitute an exception to the general rule. I am, therefore, of opinion, the plaintiff has a right to retain half his verdict; but he is not entitled to retain it for Tamplet’s half — and a new trial is ordered, unless he releases it.
Butler and Wardlaw, JJ. concurred.